UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA MITCHELL, | ) | Case No.  EDCV 07-1472-JTL |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

On November 30, 2007, Joshua Mitchell ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits.  On December 18, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On December 19, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on July 7, 2008, defendant filed an Answer to the Complaint.  On September 18, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On April 12, 2005, plaintiff filed an application for Supplemental Social Security Income benefits. (Administrative Record ["AR"] at 66-67). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 50-54, 41-46). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 40).

On February 6, 2007, the ALJ conducted a hearing in San Bernardino, California. (See AR at 168-77). Plaintiff appeared at the hearing with counsel and testified. (AR at 170-75). Plaintiff's mother was also present at the hearing, but did not testify. (See AR at 168). During plaintiff's testimony, plaintiff's mother stated that plaintiff was having a seizure and the hearing was terminated. (AR at 176). The ALJ agreed to continue the hearing but, on February 8, 2007, plaintiff's counsel filed a request for a decision without supplemental proceedings. (AR at 176; see AR at 10).

On February 7, 2007, the ALJ sent a written request to the Arrowhead Regional Medical Center for plaintiff's emergency room records from the day of the hearing. (AR at 22). On March 29, 2007, the ALJ sent a written interrogatory to Corinne Porter, a vocational expert, and inquired whether jobs exist in the national economy for a person with plaintiff's age, education and work experience who must observe seizure precautions including no work at heights, around dangerous unguarded moving machinery, or in similar hazardous environments. (AR at 18). In a letter dated April 12, 2007, Ms. Porter stated that there is unskilled entry-level work available in the regional and national economy that such a person could perform. (AR at 82).

On April 26, 2007, the ALJ issued a decision denying benefits to plaintiff. (AR at 10-15). The ALJ determined that plaintiff had a severe impairment from a probable seizure disorder that did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR at 12). The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels as long as he observes "usual seizure precautions - i.e., no work at unprotected heights, around dangerous, unguarded moving machinery, or in similar hazardous environments" and concluded that jobs exist in significant numbers in the national economy that

plaintiff can perform.  (AR at 12-15).  Accordingly, the ALJ concluded that plaintiff was not disabled from March 15, 2005 through the date of the decision.  (AR at 15).  The Appeals Council denied plaintiff's timely request for review of the ALJ's decision.  (AR at 3-5).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1.     The ALJ failed to properly consider the results of plaintiff's electroencephalogram.

2.     The ALJ failed to properly consider the side effects plaintiff experienced from Dilantin, plaintiff's anticonvulsant medication.

3.     The ALJ failed to pose a complete hypothetical to the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

///

///

# DISCUSSION

## A.    The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 141 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

///

**B.**     **The ALJ's Consideration of Plaintiff's Electroencephalogram**

Plaintiff argues that the ALJ erred by failing to discuss the results of the electroencephalogram ("EEG")[1] plaintiff underwent on July 21, 2006.  (Joint Stipulation at 3-4).  Plaintiff argues that the ALJ's failure to discuss the results of plaintiff's EEG constitutes reversible error.

Plaintiff underwent an EEG test on July 21, 2006.  (AR at 131).  The report interpreting the results of the test noted that the EEG findings were "consistent with risk for focal seizures." (Id.).  The ALJ did not discuss the EEG test plaintiff underwent, or the results that confirmed plaintiff's diagnosis of epilepsy.  The ALJ's findings were, however, consistent with the EEG results.  The ALJ found that plaintiff did have a "severe impairment from a probable seizure disorder" and determined that plaintiff could "work as long as he observes standard seizure precautions" including no work at heights, around dangerous unguarded moving machinery, or in similar hazardous environments.  (AR at 14).  While an ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole, an ALJ need not meet the impossible burden of mentioning every piece of evidence presented in his or her decision.  Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).  Here, the ALJ determined that plaintiff has a severe impairment from a probable seizure disorder and discussed plaintiff's medical records from the Arrowhead Regional Medical Center, the facility that conducted plaintiff's EEG test, in his discussion of the frequency of plaintiff's seizures.  (AR at 13; see AR at 128, 130, 135).  The ALJ also cited to plaintiff's medical records from Arrowhead Regional Medical Center (see AR at 99, 121, 140, 166, 167) and Loma Linda University Medical Center (see AR at 143, 144, 159) in his discussion of plaintiff's compliance with his seizure medications.  (AR at 13).  The ALJ's determination that plaintiff suffered from a seizure disorder is supported by substantial evidence in the record and is consistent with

---

[1] An EEG is a test that measures and records the electrical activity of the brain and is a useful test in confirming a diagnosis of epilepsy.  See WebMd.com, http://www.webmd.com/epilepsy/electroencephalogram-eeg-21508.

1  plaintiff's EEG test results.  See Barnhart, 341 F.3d at 1012 ("the ALJ is not required to discuss

2  evidence that is neither significant nor probative").  Accordingly, the ALJ's failure to discuss the

3  results of the EEG does not constitute reversible error.

4  **C.     The Side Effects of Plaintiff's Medication**

5         Plaintiff argues that the ALJ improperly disregarded plaintiff's allegations that Dilantin,

6  plaintiff's anticonvulsant medication, made him drowsy.  (Joint Stipulation at 6-7).  Plaintiff

7  argues that the ALJ's failure to discuss plaintiff's side effects constitutes reversible error.

8         An ALJ must consider all factors that might have a significant impact on an individual's

9  ability to work.  These factors may include side effects of medications as well as subjective

10  evidence of pain.  Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (citation omitted); see

11  also Social Security Ruling ("SSR")[2] 96-8p; SSR 96-7p (side effects of medications are a factor

12  to be considered in the formulation of a claimant's residual functional capacity).  Here, the

13  records show that plaintiff told someone on two separate occasions that Dilantin made him

14  sleepy.  First, in an emergency room treatment summary dated January 26, 2004, plaintiff

15  reported that he "is currently taking Dilantin" and "feels sedate from the medication."  (AR at

16  84).  At that time, plaintiff's Dilantin levels were higher than the therapeutic range and plaintiff

17  was instructed to stop taking Dilantin for the next two days.  (AR at 84-85).  The treatment

18  summary further notes that after his Dilantin levels fall "within the normal range" plaintiff will

19  have to resume taking Dilantin "but most probably at a reduced level."  (AR at 85).  Second, in

20  his Disability Report - Appeal dated April 8, 2005 plaintiff indicated that he took Dilantin for his

21  seizures.  (AR at 74).  When asked what side effects he had from the medication, plaintiff

22  replied "sleepyness" (sic).  (Id.).  Plaintiff did not provide any additional evidence to support his

23

24

25

─────────────

26     [2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's
regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).
27  Although they do not have the force of law, they are, nevertheless given deference "unless they are
plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457
28  (9th Cir. 1989).

1   claim that Dilantin made him drowsy and interfered with his ability to perform work-related

2   activities.[3]

3       The ALJ was not obligated to consider plaintiff's claim that Dilantin made him feel

4   "sedate" or "sleepy" because plaintiff provided no evidence to support this claim other than his

5   two isolated statements.  See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985) ("[A]

6   claimant's self-serving statements may be disregarded to the extent they are unsupported by

7   objective findings.").  Thus, the ALJ did not err in failing to discuss plaintiff's alleged side effects

8   when making the disability determination.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.

9   Cal. 1999) (the claimant bears the burden of proving disability); see also Parks v. Sullivan, 766

10  F. Supp. 627, 635 (N.D. Ill. 1991) (the ALJ "does not need to meet the impossible burden of

11  mentioning every piece of evidence" presented to him or her); Orcutt v. Barnhart, 2005 U.S.

12  Dist. LEXIS 39731, at *25 (C.D. Cal. Sept. 27, 2005).

13      Moreover, an ALJ need not believe every allegation of disabling pain or functional

14  limitation.  See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).  When evaluating a

15  claimant's credibility, the ALJ should consider the claimant's reputation for lying, prior

16  inconsistent statements concerning symptoms, any testimony by the claimant that appears less

17  than candid, unexplained or inadequately explained failure to seek treatment or to follow a

18  prescribed course of treatment, and the claimant's daily activities.  Smolen v. Chater, 80 F.3d

19  1273, 1284 (9th Cir. 1996).  Conflicts in a claimant's statements or testimony support a finding

20  that the claimant lacks credibility.  Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).  When

21  an ALJ assesses a claimant's credibility, as is the case here, "[t]hat assessment must be given

22  great weight."  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).

23      Here, the ALJ found that plaintiff "is completely uncooperative and non-complaint with

24  his prescribed regime of anti-convulsant medications."  (AR at 13).  The ALJ noted that plaintiff

25

26  _____

27      [3] Plaintiff's statement that Dilantin makes him feel "sedate" was made during an emergency room
    visit on January 26, 2004.  The disability period at issue is from March 15, 2005 through April 26,

28  2007 and plaintiff has offered no medical records that his use of Dilantin during the relevant disability
    period affected his ability to perform work-related activities.  (See AR at 15).

"admitted on several occasions that his seizures have occurred when he is not on Dilantin" (AR at 121, 140, 143, 144, 159), that plaintiff has been noted to be "non-compliant with his medications" (AR at 166-67; see also AR at 95, 103, 141), that test results have shown varying levels of Dilantin in plaintiff's serum and that plaintiff has "freely admitted" to not taking any Dilantin for a number of days (AR at 166).  (AR at 13).  The ALJ also found that the medical evidence does not support plaintiff's allegations, that plaintiff's alleged seizure while testifying "appeared affective and contrived and was not marked by tonic/clonic movements," and that plaintiff's decision to avoid driving appears to be related to something other than his seizures. (Id.).  The ALJ properly considered plaintiff's failure to follow his prescribed course of treatment and plaintiff's behavior that indicated that he was less than candid about the frequency and severity of his seizures while evaluating the credibility of plaintiff's subjective complaints.  See Smolen, 80 F.3d at 1284; see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (if an ALJ's credibility finding is supported by substantial evidence in the record, a reviewing court may not engage in second-guessing).

**D.    The Hypothetical Question Posed to the Vocational Expert**

        Plaintiff argues that the ALJ erred by omitting plaintiff's allegations of side effects from the hypothetical question he presented to the vocational expert.  (Joint Stipulation at 8-9).  In order for the vocational expert's response to a hypothetical question to constitute substantial evidence, the hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect each of the claimant's limitations.  Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  The hypothetical should be "accurate, detailed and supported by the medical record."  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  An ALJ may properly omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record.  Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).  An ALJ need only accept and include in the hypothetical to the vocational expert those limitations the ALJ finds credible and supported by substantial evidence in the record.  Andrews, 53 F.3d at 1044.

///

As discussed in Section C, <u>supra</u>, plaintiff failed to establish that Dilantin made him drowsy or otherwise affected his ability to perform work-related activities and the ALJ properly discredited plaintiff's subjective complaints. Thus, the omission of plaintiff's alleged side effects from the hypothetical posed to the vocational expert does not constitute error. <u>See</u> <u>Osenbrock</u>, 240 F.3d at 1162, 1163-64 ("Because Mr. Osenbrock did not present any evidence that he suffers from sleep apnea, diabetes, organic brain disorder, or hepatitis in support of his disability claim, the ALJ did not err in failing to include these alleged impairments in the hypothetical question posed to the [vocational expert].").

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration

.  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 30, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE